IN THE UNITED STATES COURT
FOR THE DISTRICT OF COLUMBIA

WILLIE BREWER

    *Plaintiff*,

       v.                   CASE NO. 1: 11-CV-01206

DISTRICT OF COLUMBIA, et al.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS WITH RESPECT TO PLAINTIFF MICHELLE RHEE**

    Plaintiff Willie Brewer hereby moves this Court to deny Defendant Michelle Rhee's Motion to Dismiss. Plaintiff recognizes that this motion is filed out of time; Plaintiff will file a concurrent motion addressing the reasons for the late filing by the next business day. Plaintiff is not contesting the dismissal of Noah Wepman. Plaintiff asserts that Defendant Michelle Rhee is a viable defendant because the Supplemental Complaint (entered July 15, 2013) reinstating her as a defendant was expressly granted for filing by this Court, and entered less than three years after Defendant Rhee's October, 2010 resignation from DCPS, which constitutes a viable date for continuing acts that exposed her to personal liability under 42 U.S.C. §1983. While Defendant Rhee was apparently served three days after the required 120 days after entry of the Supplemental Complaint, Plaintiff provides good cause herein for the three-day delay, which includes Defendant Rhee's lack of a stable work or home address, and Defendant Rhee's extensive travel schedule during much of the litigation period at issue, which proved to make service difficult. Under the Federal Rules, this service extension is mandatory upon a showing of good cause.

Michelle Rhee – Statute of Limitations

A brief search of news articles concerning the tenure of Michelle Rhee as Chancellor of D.C. Public Schools indicates that she tendered her resignation to Mayor Vincent Gray on or about October 17, 2010. Michelle Rhee was to serve as Chancellor until the last working day of October, 2010; however, she continued to perform duties as Chancellor for several weeks after her resignation. Ms. Rhee continued to perform at least ministerial duties as Chancellor until November 2, 2010, when she accepted an award at the Kennedy Center as current Chancellor of the D.C. Public School system.[1]

The Supplemental Complaint in this matter (which incorporates the original Complaint), alleges that Defendant Rhee took several actions to deny the Plaintiff his civil rights under color of law, and therefore his personally liable under 42 USC §1983. These actions are outlined at ¶ 33, Sections (a)-(h). Many of these actions relate to execution of the RIF itself, which occurred in mid to late 2009. However, the Complaint alleges numerous other civil rights deprivations that continued from the point of the RIF until the end of Chancellor Rhee's tenure. The most overt example of these violations is the Chancellor's failure to implement a program to provide RIFed teachers with priority reemployment opportunities. *Supplemental Complaint,* at ¶ 33(e). However, there are other RIF-related behaviors that also continued through the end of the Chancellor's tenure, including making defamatory statements about the quality of the RIFed teachers' work, in violation of the D.C. Code requiring that RIFs not be implemented as a

---

[1] Plaintiff notes that it has received almost no formal discovery in this case to date from any party, in spite of issuing interrogatories and document requests to Defendant District of Columbia back in July 2013, and a subpoena to the Teach for America organization in November 2013 (this Court stayed discovery in late November 2013 on motion of the Defendant).  See http://www.washingtonpost.com/wp-dyn/content/article/2010/10/12/AR2010101205658.html (*Washington Post* article noting Rhee's resignation); See also http://voices.washingtonpost.com/dcschools/2010/11/so_when_exactly_was_rhees_last.html

punitive or corrective measure. *Id.,* at ¶ 33(g). These actions continued throughout the tenure of Chancellor Rhee, which lasted until on or about November 2, 2010.

It is undisputed that Michelle Rhee was provided notice in this case in November, 2013. This notice occurred when Ms. Rhee was served on November 15, 2013, when a process server left the documents at the office of Defendant Rhee's nonprofit, Students First. It is also undisputed that Michelle Rhee was entered as a defendant in this case (assuming *arguendo* that she was dismissed from the case previously, as asserted by Defendants) when the Court entered Plaintiff's Amended Complaint on July 18, 2013, after granting Plaintiff's motion to amend its complaint, citing newly-discovered public record evidence concerning Defendant Rhee.[2]

The Amended Complaint was filed well within the three-year the statute of limitations for one or more of the material allegations comprising the 42 U.S.C. §1983 count of the Supplemental Complaint, having been filed less than three years after Michelle Rhee's resignation in October 2010, and less than three years after her duties terminated in early November 2010.

Michelle Rhee –Federal Rule 4(m) Service Requirements

During the period between her exit from D.C. Public Schools employment and her decision to set up a permanent residence (along with a foundation) in Sacramento, CA, Michelle Rhee has been a very difficult figure to locate, isolate, and serve with process. Plaintiff's Counsel's preliminary research indicated that she was involved in a multitude of speaking engagements and conferences around the country between 2011-2013; however, she did not appear to have a stable residence or employment during these years, as she secretly married the Sacramento mayor in 2011 who is a public figure and apparently keeps his residential address private. Even after her secret marriage, it appears unclear when and under what circumstances

---

[2] See fn. 1, *supra.*

she actually moved to California and became a Sacramento resident. Her nonprofit venture, Students First, which she began sometime after her DCPS resignation, did not heavily publicize itself until 2013, and used a post office box in its marketing materials for much of its existence.[3] Ultimately, Plaintiff abandoned the idea of trying to have process servers chase her at speaking engagements around the country, and after a period of some frustration, instead served Ms. Rhee at the headquarters of Students First once that organization published a mailing address. In most jurisdictions, this would constitute problematic service; however, after significant research, Plaintiff learned that in California, service in this manner is acceptable if served on a Defendant's "usual place of business." *California Code of Civil Procdure § 415.20 (a)*. This rule thus allowed for proper service in that jurisdiction pursuant to Rule 4(e)(1) of the Federal Rules ("allowing for proper service when "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.")

Defendant Rhee was served on November 15, 2013; the Supplemental Complaint in this matter was entered on July 15, 2013. This service date is three days after the 120 day period required under the Federal Rules. Federal Rule 4(m) states as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. *But if the plaintiff shows good cause for the failure, the court must extend the time for service* for an appropriate period.
>
> *Federal Rule of Civil Procedure 4(m)*  (Emphasis added).

---

[3] Plaintiff is not asserting that Ms. Rhee has proactively evaded service in this matter. However, given the hundreds of teachers fired directly as a result of her directives during her tenure, not just due to the RIF at issue, but later programs such as IMPACT (200+ teachers) during 2010-2011, she had reason to know that keeping private the physical address of her foundation and residence could have an adverse impact on the processing of a significant amount of imminent litigation against her.

Not only does this Court have the ability to excuse service outside the one-hundred twenty (120) day period, it must extend upon a showing of good cause. In this case, Plaintiff believes that an additional *nunc pro tunc* three-day service extension is more than justified when serving a defendant who had no stable employment or public home address during the a significant part of the litigation period, and who had to be served in a "roundabout" fashion, pursuant to an obscure California state law service provision.

For the reasons above, Plaintiff requests that this Court deny Defendant's Motion to Dismiss Michelle Rhee.[4]

_____
Kerry J. Davidson, Esq.
1738 Elton Road, Suite 113
Silver Spring, MD  20903
Email  kdavidson@selflaw.com
Tel: (301) 563-9816
Fax: (866) 920-1535
Bar No.: 456431
January 19, 2014

---

[4] Plaintiff concedes that Defendant Wepman was served over three years after his resignation date, which appears to have been in November 2009.

## CERTIFICATE OF SERVICE

Counsel for Defendant District of Columbia has been served with the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS WITH RESPECT TO PLAINTIFF MICHELLE RHEE

via Casefile Express, on January 19, 2014:

Joseph Alphonso Gonzalez
Office of the Attorney General
District of Columbia
 441 4th St NW
Washington, DC 20001

_____